IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG MILLER,
#Y23644,

        Petitioner,

v.

STATE OF ILLINOIS,

        Respondent.

Case No. 23-cv-00185-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Petitioner Craig Miller, an individual currently in custody of the Illinois Department of Corrections at Lawrence Correctional Center, commenced this action by filing with the Court a document titled "Demand for Relief from a Final Judgment & Order of Enforcement of Private Agreement," which was docketed as a petition for writ of mandamus. (Doc. 1). Miller then filed notices with the Court stating that this case was opened as a writ of mandamus in error. (Doc. 2, 4). Miller explains that he filed this case as a "Removal from State Court" requesting relief from a judgment in a state court proceeding under Federal Rule of Civil Procedure 60. He states that the nature of this suit is "contract, authorized by 5 U.S.C. § 556(d); 28 U.S.C., and 42 U.S.C." (Doc. 2).

    This matter is before the Court on its inherent authority to review and dismiss complaints that are frivolous or "transparently defective." *Hoskins v. Pelstra*, 320 F. 3d 761, 763 (7th Cir. 2003). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir. 1997). Regardless of how Miller intended to file or label this case, the initial filing is legally

frivolous, and this entire action will be dismissed with prejudice.

In his complaint/petition, Miller is seeking for this Court to vacate his state criminal conviction, declare any debts or fines associated with his conviction to be null and void, and mandate his release from custody within the Illinois Department of Corrections. (Doc. 1, p. 10). He asserts that he was kidnapped or presumed under arrest for violating the Illinois penal code on July 11, 2014. (*Id.* at p. 3). On April 13, 2017, he was found guilty by a fictitious verdict and sentenced to a term of imprisonment of forty years. (*Id.* at p. 4). Although not exactly clear, it appears Miller believes he has entered into a contact with the State of Illinois, based on post-conviction correspondences with employees of the State of Illinois, and because respondents have failed to answer his correspondences, judgement should be entered in his favor, he should receive monetary compensation, and liens should be placed on "respondent's bank accounts, annuities, stocks, bonds, future earnings, real estate and the 'all included…'" (*Id.* at p. 10-11).

This case is dismissed as legally frivolous. As the Northern District observed in a similar case, "Rule 60 allows a district court to correct a clerical mistake or provide relief from a judgment previously entered by that court." *Terry v. State of Illinois (Inc.),* No. 22-cv-07064, Doc. 12 (N.D. Ill. Feb. 27, 2023) (citing FED. R. CIV. P. 60).[1] There is no order or judgment entered by this Court needing correction or relief. Rule 60 is not applicable to this case.

Furthermore, the other authorities cited to by Miller, the Contract Clause, Article 1, Section 10 of the United States Constitution and Title 5 of the U.S.C.A. Administrative Procedure Act ("APA"), also do not apply to the facts as pled. (Doc. 1, p. 6). A cause of action under the Contract

---

[1] *Terry v. State of Illinois* is cited to by Miller in support of his argument that his case should be designated as a contracts case on the docket. (*Terry,* Doc. 2, p. 2). In *Terry,* Plaintiff Corky Terry initiated his suit by filing a document pursuant to Federal Rule of Civil Procedure 60, as Miller does here, which the Clerk of Court for the Northern District filed as a habeas petition. The court struck the pleading and gave Terry the opportunity to file a habeas corpus petition or a civil rights complaint. (*Id.*). Terry filed a civil rights complaint pursuant to Section 1983, and the case was ultimately dismissed for failure to pay the filing fee. (*Terry,* Doc. 18, 21).

Clause of the United States Constitution must be based on a legislative act that impairs a contractual relationship. *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). Miller does not assert that a change in state law has altered his contractual relationship with the State of Illinois, and so any claim under the Contract Clause fails. To the extent Miller, an Illinois resident, has a breach-of-contract claim against another Illinois resident, the claim should be brought in state court. *See Doe v. Bd. Of Tr. of the Univ. of Ill.,* No. 22-cv-2197, 2023 WL 6020560, at *4 (C.D. Ill. July 13, 2023). The Court further notes that it is not aware of any contract or obligation that is binding simply because Miller sent certified mail to the respondent's known place of business concerning his criminal case and did not receive an answer.

As for Miller's claim under the APA, the State of Illinois, who is named as the respondent in the petition/complaint, is not an "federal agency" for the purposes of the APA, and the "APA does not authorize claims against non-federal entities." *Williams v. Trump,* 495 F. Supp. 3d 673, 685 (N.D. Ill. Oct. 16, 2020).

And finally, to the extent Miller is seeking this Court to overturn his conviction through a writ of mandamus the petition also fails. Federal courts have no authority to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials."). Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Thus, this Court lacks jurisdiction to issue a writ of mandamus against the respondent, the State of Illinois. *See Banks v. People of Ill.,*

258 F. App'x 902, 902 (7th Cir. 2007).

Miller's reference to Rule 60, to the Contract Clause, and to contract principles in this case are frivolous. If Miller wishes to challenge his underlying conviction, then the appropriate avenue is a habeas corpus petition. *See Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973). Accordingly, the complaint/petition is **DISMISSED with prejudice.**

### DISPOSITION

For these reasons, this case is **DISMISSED with prejudice** as frivolous. Miller may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   October 25, 2023

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**